# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEPHANIE ADAMS,     )
           )
   **Plaintiff,**     )
           )
   **v.**         )  **Civil Case No. 16-2173 (RJL)**
           )
**BLUE CROSS BLUE SHIELD**   )
**HEADQUARTERS, *et al.*,**    )
           )
   **Defendants.**    )

FILED

JAN 2 6 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
(January 25, 2017) [Dkt. # 1]

  Plaintiff Stephanie Adams, who is proceeding *pro se*, filed a complaint in October 2016 against Liberty Mutual Insurance Headquarters, Blue Cross Blue Shield Headquarters, and the "Director of Human Resources Division." [Dkt. #1.]  In December 2016, Adams filed a supplement to her complaint that purported to include Anthem, Inc. as an additional defendant. [Dkt. # 2.]  Adams has not served a summons or the complaint on any of the defendants.  For the reasons stated below, I will dismiss Adams's action for lack of subject-matter jurisdiction.

  Federal Rule of Civil Procedure 12(h)(3) states that a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction," and the law of this circuit clearly states that a court may order such a dismissal "*sua sponte* [and] prior to service on the defendants . . . ."  *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1

(D.C. Cir. Apr. 2, 2010).

Adams's complaint and its supplement completely fail to meet the pleading standard set forth in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the grounds for the court's jurisdiction, the claim that entitles the plaintiff to relief, and a request for specific relief sought.   The allegations in plaintiff's complaint are utterly incoherent and unintelligible.   While she appears to be seeking as much $2 trillion in damages from the defendants, the complaint fails to set forth any facts that would state a cognizable claim for relief.   Although I am mindful that complaints filed by *pro se* litigants are subject to a less demanding standard than pleadings filed by lawyers, *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (citation omitted), Adams's allegations are so "patently insubstantial" that they present "no federal question suitable for decision" and thus deprive the Court of subject-matter jurisdiction. *Tooley*, 586 F.3d at 1009 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

Plaintiff's action is therefore dismissed *sua sponte* for lack of subject-matter jurisdiction.   An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge